UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JEAN RYDER, )
)
       Plaintiff )
)
v. ) No. 1:15-cv-00509-GZS
)
CAROLYN W. COLVIN, )
*Acting Commissioner of Social Security,* )
)
       Defendant )

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises questions about a missing exhibit, the administrative law judge's conclusions concerning the limitations of the plaintiff's mental impairments, and the evidence supporting the administrative law judge's classification of the plaintiff's past relevant work.[2] I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2012, Finding 1, Record at 27; that,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 14, 2016, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] At oral argument, the plaintiff's attorney withdrew the plaintiff's contention that the administrative law judge's treatment of the opinions of Gary Rasmussen, Ph.D., a clinical psychologist who saw the plaintiff once for a consultative evaluation at the request of the state disability agency, entitled her to remand. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 15) at 5-9.

1

before that date, she suffered from degenerative disc disease status-post cervical fusion, chronic obstructive pulmonary disease ("COPD"), fibromyalgia, an affective disorder/depression, and an anxiety-related disorder/anxiety not otherwise specified, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 28-29; that, before the date last insured, she had the residual functional capacity ("RFC") to perform light work, except that she could occasionally climb ramps, stairs, ladders, ropes and scaffolds, had to avoid unprotected heights, had to avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dust, gases, and poor ventilation, could understand, remember, and carry out simple to moderately complex instructions and tasks, and could interact with coworkers and supervisors but not the general public, Finding 5, *id*. at 31; that, before the date last insured, she was capable of performing her past relevant work as a sewing machine operator, *id*. at 34; and that she, therefore, had not been disabled at any time from January 22, 2010, the alleged date of onset of disability, through the date last insured, Finding 7, *id*. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

### A. Missing Documents

The plaintiff asserts that the administrative law judge agreed at the hearing to admit "certain records" that were presented by the attorney who represented her at the time. Itemized Statement Statement at 4. The records were described at the time as "six pages of notes from Main[e] General Medical Center, Outpatient Psychiatric Services, and one pharmacy record for a new prescription[.]" Record at 38-39. The administrative law judge stated that he would "allow the admission of those items." *Id*. at 39.

The plaintiff states that these documents are not in the record. Itemized Statement at 4. She faults the administrative law judge for "fail[ing] to describe and discuss these missing records," which she speculates are "the very records from Dr. Almazen that the ALJ complained were not in the record." *Id*. at 5. She has not submitted these documents to the court. The defendant agrees that the documents are not in the record, Defendant's Opposition to Plaintiff's Itemized Statement of Errors (ECF No. 19) at 2-3, but contends that the plaintiff has not met her burden to show resulting prejudice or impediment to judicial review in order to justify remand.

This standard comes from *Barnes v. Barnhart*, 251 F.Supp.2d 973, 974 (D. Me. 2003), which is cited by both parties.  Neither of the plaintiff's two arguments meets this standard.

First, the plaintiff suggests, Itemized Statement at 5, that "it is impossible to tell . . . whether the new records were ever considered" by the state-agency reviewers, of whom the administrative law judge said "the clinical record of evidence includes nothing relevant that shows debilitating symptoms to which State agency consultants did not have access at the reconsideration level." Record at 33.  However, the possibility that the state-agency reviewers did not see the records, without production of the records themselves, is not enough to warrant remand.  Without the records, there is no way to determine whether the records were in fact inconsistent with the opinions of the state-agency reviewers.  If they were not, the plaintiff would not be entitled to relief.  A claimant, who is in the best position to supply new copies of the missing records, may not profit from failing to do so.[3]  The plaintiff's first argument fails because the plaintiff has not shown prejudice or unfairness, and, therefore, has not provided a basis for remand.  *See generally Bard v. Astrue*, No. 1:12-cv-22-NT, 2012 WL 5258197, at *2-*3 (D. Me. Sept. 28, 2012).

The plaintiff's second argument is even more speculative.  She suggests that the missing records may be "the very records from Dr. Almazen that the ALJ complained were not in the

---

[3] At oral argument, plaintiff's counsel contended for the first time that the plaintiff had no obligation to submit new copies of the six missing pages for consideration by the Appeals Council or this court because, merely by the act of accepting this evidence, which was proffered after the regulatory deadline of five days before the hearing, the administrative law judge must be deemed to have found it material, with a reasonable possibility that the evidence would affect the outcome of the plaintiff's application for benefits.  Assuming *arguendo* that this argument is properly before the court, *but see, e.g., Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (issue raised for first time at oral argument violates Local Rule 16.3(a)), neither 20 C.F.R. § 405.331(c) nor section I-2-6-58 of the Social Security Administration, Office of Disability Adjudication and Review, Hearings, Appeals and Litigation Law Manual ("HALLLEX"), the authority cited by the attorney, requires the drawing of such an inference, particularly where, as here, it is impossible to know whether the administrative law judge even looked at the evidence before admitting it.  *See generally* Record at 38-39.  Nor does the fact that the administrative law judge issued an opinion necessarily mean, as the plaintiff contended, that he must have actually received the evidence at issue.

record." Itemized Statement at 5.  The portion of the administrative law judge's opinion to which this argument refers is the following:

> More specifically, after the claimant expressed thoughts of harming herself in May 2011, notes from primary care provider Kathy Brooks-Rock, N.P. at Sebasticook indicate Ms. Ryder was referred to a Dr. Almazon for mental health issues (Exhibit B9F/35).  However, there are no treatment notes from this doctor in evidence.  Additionally, Ms. Rock's notes go on to show the claimant only saw Dr. Almazon very briefly.  In September 2011, the nurse wrote Ms. Ryder "states she is going to stop going to Dr. Almazon as she does not like her—does not feel that they connect although she did put her on Sertraline and it worked[.]"

Record at 32.  Nothing is apparent in the plaintiff's submission to tie this statement to the records that the plaintiff's previous attorney apparently submitted at the hearing.  "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand."  *Bard*, 2012 WL 5258197 at *3, quoting *Schoenfeld v. Apfel*, 237 F.3d 788, 798 (7th Cir. 2001).

The case law cited by the plaintiff, *Barnes* and *Dandeneau v. Heckler,* 607 F.Supp. 583 (D. Me. 1985), involves inaudible transcripts of hearings before an administrative law judge, a portion of the record uniquely within the control of the commissioner.  The missing documents here are still, from all that appears, within the control of the plaintiff.  She is not entitled to remand on the showing made on this issue.

### B.  Step 4 Determination

The plaintiff identifies alleged errors in the mental RFC assigned to her by the administrative law judge and in the vocational evidence that she contends entitle her to remand.  Itemized Statement at 9-11.  With respect to the RFC, she contends that the administrative law judge's fatal error was "failing to find that Ms. Ryder would be unable to maintain pace and persistence on the job."  *Id*. at 9.  She asserts that the administrative law judge was required to

adopt this finding of Dr. Rasmussen because only one of the two state-agency psychologist reviewers discussed this area of possible mental limitations directly, and that discussion "was so tangential as to be meaningless." *Id.*

First, Dr. Rasmussen opined only that the plaintiff was "not *likely* to maintain pace and persistence on the job[,]" Record at 414 (emphasis added), which does not necessarily translate directly into a definite inability to do so. *See, e.g., Sheldon v. Colvin*, Civil No. 2:13-CV-315-DBH, 2014 WL 3533376, at *5 (D. Me. July 15, 2014). Second, and more important, the plaintiff characterizes the second state-agency psychologist's report on this issue incorrectly. Lewis F. Lester, Ph.D., found that the plaintiff "retain[ed] the mental capacity to carry out simple & moderately detailed tasks on a sustained basis in a routine work setting that does not involve interacting with the public." *Id*. at 88. He described Dr. Rasmussen's opinions as "based upon claimant['s] self-report" and found that Dr. Rasmussen's opinion in fact supported Dr. Lester's conclusion quoted immediately above. *Id*. He provided an assessment of mental RFC over four pages that concluded, while acknowledging moderate limitations on the ability to maintain attention and concentration for extended periods, that the plaintiff could be reliable and sustain simple and moderately detailed tasks at a consistent pace without interruption from psychologically-based symptoms over a normal workday and workweek. *Id*. at 91. He also found a marked limitation in the ability to interact appropriately with the general public, and moderate limitations in the ability to interact appropriately with coworkers and supervisors. *Id*. at 91-92. Dr. Lester's presentation was neither tangential nor meaningless.

Nor did the administrative law judge "reject the contrary opinions of Dr. Rasmussen out of hand." Itemized Statement at 9. He stated that Dr. Rasmussen "based his findings, including that the claimant would be unreliable in the workplace or unable to maintain pace or persistence strictly

upon subjective reports.  Dr. Rasmussen did not review any medical records, and the totality of the evidence does not support this opinion[.]"  Record at 33.  Dr. Rasmussen's report lists under the heading "Procedures" only a clinical interview, *id*. at 411; describes under the heading "Relevant Data" only the plaintiff's own reports, *id.* at 413: and concludes under the heading "Summary" that "the results of the current examination" provide the basis for Dr. Rasmussen's conclusions, *id.  See generally Smythe v. Astrue*, No. 2:10-cv-251-GZS, 2011 WL 2580650, at *5 (D. Me. June 28, 2011) (failure to address report of onetime examining consultant not subject to rule that requires administrative law judge to give good reasons for rejecting it).

Further, the administrative law judge's 5 ½-single-spaced-pages review of the medical evidence in the record, preceding his statement that the totality of the evidence does not support Dr. Rasmussen's opinion, sets forth ample detail of the ways in which those of Dr. Rasmussen's conclusions that the administrative law judge found "excessive" were not supported by the weight of the evidence.

The plaintiff asserts that 20 C.F.R. § 404.1527(c)[4] requires an administrative law judge to give more weight to the opinions of a medical source who examined the claimant than to the opinions of non-examining physicians.  Itemized Statement at 9.  That argument is mistaken.  *See, e.g., Anderson v. Astrue*, No. 1:11-cv-476-DBH, 2012 WL 5256294, at *4 (D. Me. Sept. 27, 2012) (accepting administrative law judge's decision to credit opinion of state-agency physician over that of examining physician); *Gatlin v. Astrue*, No. 1:11-cv-106-DBH, 2012 WL 313601, at *2 (D. Me. Jan. 31, 2012) (same).

Because the plaintiff's contention that the hypothetical question posed to the vocational expert by the administrative law judge was invalid is based on this and other arguments that I have

---

[4] The itemized statement cites 20 C.F.R. § 404.427(c), Itemized Statement at 9, a nonexistent regulation.  I assume that this is a typographical error.

rejected, her assertion that the vocational expert's response could not constitute substantial evidence to support the administrative law judge's Step 4 conclusion, Itemized Statement at 9, must fail.

With respect to the plaintiff's second Step 4 argument, she contends that the vocational expert wrongly characterized her past relevant work as that of a sewing machine operator rather than that of a stitcher. *Id*. at 10. Because the state disability agency "specifically found that [the plaintiff] could not return" to the stitching work, she argues, the vocational witness was required to explain how he concluded that her past work was as a sewing machine operator, "when all the evidence in the record, including both the written description of the job and the testimony was that the job was as a stitcher." *Id.* She goes on to assert that the administrative law judge was required to "resolve this conflict" and, because he did not, she is entitled to remand because the job of stitcher is semi-skilled and "it is impossible to tell whether this job could be performed within the scope of 'simple to moderately complex instructions and tasks.'" *Id*. at 10-11. The plaintiff cites no authority in support of this argument.

It is not entirely accurate to characterize the record as only providing evidence to support a conclusion that the plaintiff's past relevant work was that of a stitcher rather than a sewing machine operator. As the defendant points out, Opposition at 14-15, the plaintiff's description of her duties while she held the job at issue fits within the definition of sewing machine operator. In response to the question, "So were you a sewing machine operator," she testified that she sewed the mesh and grommets onto curtains that hang around hospital beds for Dirigo Stitching. Record at 56. She also testified that she was a stitcher at New Balance for about a year. *Id.* This distinction is important.

8

On the two other pages of the record cited by the plaintiff in support of her argument, she simply writes that she was a "stitcher" for an unidentified employer from 1998 to 2004, *id*. at 219, and a "stitcher" who "use[d] a sewing machine to sew product," *id*. at 224, while performing this job.  If she only worked for New Balance for about a year, then she spent five years working for Dirigo Stitching.  A "stitcher" is defined by the Dictionary of Occupational Titles as one who operates a stitching machine while making shoes. *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed. rev. 1991) § 690.682-082.  By her own testimony, the plaintiff stitched for a manufacturer of shoes for only a year.  While the sewing machine operator job is defined as part of the garment industry, *id*. § 786.685-030, its listed duties are much closer to sewing mesh and grommets onto curtains, which the plaintiff testified that she performed for Dirigo Stitching, than are those of a "stitcher."  In addition, the vocational expert must be considered to have specialized knowledge not available to a claimant, a claimant's attorney, non-expert SSA employees, or an administrative law judge about the appropriate classification of a particular job as performed.[5]

The conclusion that the vocational expert correctly classified the plaintiff's past relevant work for Dirigo Stitching means that there was no "conflict" for the vocational expert to resolve.  The plaintiff is not entitled to remand on this basis.[6]

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

---

[5] At oral argument, the plaintiff's attorney contended that she was entitled to remand because the vocational expert did not say how her past work was usually performed. As noted in the text, the plaintiff repeatedly described how she performed that work.  It was not necessary for the vocational expert to parrot that testimony before stating his conclusions about the plaintiff's ability to perform it at the relevant time.  *Freeman v. Barnhart*, No. 02-78-P-H, 2002 WL 31599017, at *3-*5 (D. Me. Nov. 20, 2002), cited by the plaintiff's attorney, actually supports this principle.

[6] I note, but take no position on, the defendant's argument that the failure of the attorney who represented the plaintiff at the hearing before the administrative law judge to object to the vocational expert's characterization of the plaintiff's work for Dirigo Stitching prevents her from contesting this issue before in this appeal.  *See Edwards v. Secretary of Health & Human Servs.*, 34 F.3d 1065 (table), 1994 WL 481140, at *2-*3 (1st Cir. 1994).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 5th day of December, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge